IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC COMMUNITY RESOURCE
CENTER et al.,

       Plaintiffs,                                Civ. No. 6:17-cv-0066-MC

       v.                                       OPINION AND ORDER

CITY OF GLENDALE, OREGON et al.,

       Defendants.

_____

MCSHANE, Judge:

      Plaintiffs Michael Cassidy and Anthony Schlauch operated a seventeen room motel in the City of Glendale's commercial zone as long-term multi-family residential housing. They have done so without obtaining an R-2 Certificate of Occupancy or a Conditional Use Permit as required by city ordinance. As a consequence, the City assessed civil penalties on the motel's

property owner, Cow Creek Properties, LLC. In turn, Cow Creek Properties brought an eviction complaint (Commercial FED) against Pacific Community Resource Center.

Plaintiffs Michael Cassidy, Anthony Schlauch and Pacific Community Resource Center now bring this lawsuit alleging a violation of their due process rights and improper taking of property. Plaintiffs have named as defendants: (1) the City of Glendale and fifteen current and former city officials to include the mayor, council members, and city's compliance officer; (2) Ryan Kirchoff, the attorney who represented Cow Creek Properties in the underlying eviction proceeding; and (3) three sitting Douglas County Circuit Court judges, Douglas County, and State of Oregon for their actions in adjudicating over the multiple state proceedings.

Before this Court are four motions: Plaintiffs' Motion for Summary Judgment (ECF No. 34); Defendants Larry Caldwell and Allen King's Motion for Summary Judgment (ECF No. 19 & 20); Defendants Douglas County Circuit Court Judges, Courts and State of Oregon's Motion to Dismiss (ECF No. 12); and Defendant Ryan Kirchoff's Motion to Dismiss (ECF No. 46).

Because plaintiffs' Motion for Summary Judgment fails to demonstrate how specific facts entitle them to judgment as a matter of law, plaintiff's motion is DENIED.

Because the *Rooker-Feldman* doctrine precludes a federal district court from reviewing either the constitutionality or legal correctness of a state court decision, Defendants Larry Caldwell and Allen King's Motion for Summary is GRANTED as is the Motion to Dismiss filed by the State, the judges, and the courts. Judges and Courts are also entitled to Eleventh Amendment and judicial immunity.

Because plaintiffs' claims against defendant Ryan Kirchoff fall within the ORS 31.150(2) anti-SLAPP provision, Defendant Ryan Kirchoff's Motion to Dismiss is GRANTED and those

claims are stricken and dismissed. Kirchoff is awarded his attorney fees and costs pursuant to ORS 31.152(3).

Because the *Rooker-Feldman* doctrine applies equally to the claims asserted against the remaining defendants who have not yet been served or appeared, all remaining claims are DISMISSED *sua sponte* without leave to amend.

## FACTUAL BACKGROUND

In 2009 Pacific Community Resource Center entered in a performance contract to purchase a motel located in the City of Glendale's commercial zone at 127 Pacific Ave., Glendale, Oregon from Gary Martin and Cow Creek Properties, LLC. 2d Am. Compl. 5-7, ECF No. 10. Shortly thereafter, plaintiff Cassidy approached the City of Glendale to obtain permission to rent rooms to small businesses. The City agreed but did not require Pacific Community to affect a change in the use and occupancy classification with the Douglas County Building Department.

On or about September 11, 2011, plaintiff Cassidy approached the City with regard to operating the motel as multi-family residential housing. Opinion and Order 3; ECF No. 108, *Pacific Community Resource Center, et al. v. City of Glendale, Oregon, et al.*, Case No. 6:13-cv-1272-MC. He learned that to operate as multi-family residential housing it would be necessary for the motel to obtain an R-2 Certificate of Occupancy or a Conditional Use Permit. Plaintiffs alleged that the City responded by telling them that an R-2 certificate was not available to them and that the City did not want their "kind of people" in town.

On or about October 21, 2011, the City sent a letter to Pacific Community indicating that Pacific Community was in potential violation of ordinances regarding residential use in a

commercial zone. Pacific Community communicated with the City Council multiple times to discuss zoning compliance alternatives, but the two parties were unable to reach an agreement.

On or about December 3, 2011, plaintiff Cassidy received notice for a zoning ordinance violation from the City of Glendale. Cassidy contested this violation but was ultimately convicted at trial before a state circuit court judge on or about May 10, 2012, for operating the motel as multi-family residential housing without first obtaining an R-2 Certificate of Occupancy or a Conditional Use Permit.

Pacific Community then attempted to obtain an R-2 Certificate of Occupancy by initiating a series of inspections with the State Fire Marshall. The first inspection (February 24, 2012), resulted in a report identifying eleven deficiencies. A subsequent inspection on May 10, 2012, resulted in a report showing that ten deficiencies were resolved and that the only remaining deficiency "was failure to obtain a certificate of occupancy" (COO). On May 11, 2012, Pacific Community approached the City to acquire a COO sign-off. City officials refused to provide plaintiffs with this sign-off. As a result, Douglas County did not issue the R-2 COO to plaintiffs.

On April 9, 2012 while Pacific Community was working to obtain an R-2 Certificate of Occupancy, the City Council unanimously adopted ordinance GMO 03-2012 which removed multi-family residential housing from the permitted uses in the City's commercial zone. 2d Am. Compl. 6, ECF No. 10. Plaintiffs unsuccessfully challenged the removal of "multi-family housing" under GMO 03-2012 through the Land Use Board of Appeals. *See Cassidy v. City of Glendale*, OR. LAND USE BD. OF APP. No. 2012-033 (Oct. 10, 2012), *available at* http://www.oregon.gov/luba/pages/2012opinions.aspx.

Between May 11, 2012, and January 21, 2013, plaintiffs unsuccessfully sought a COO through Douglas County. On January 21, 2013, the City of Glendale issued plaintiffs a notice of

building code civil penalty for violation of Oregon Structural Specialty Code (OSSC) § 111.1 Use and occupancy. On August 22, 2013, Cow Creek received an invoice stating the civil penalties balance amounted to $30,000. By September 16, 2013, this balance had increased to $65,000.

**Prior federal court litigation against City of Glendale**

This is the second federal lawsuit that plaintiffs Pacific Community Resource Center and Michael Cassidy have filed against the City of Glendale. The first lawsuit is styled: *Pacific Community Resource Center, et al. v. City of Glendale, Oregon, et al.*, Case No. 6:13-cv-1272-MC. The prior lawsuit, filed July 25, 2013, also named as defendants: Fred Jensen acting as Mayor; Betty Stanfil acting as City Manager; and the six individual City Council Members.

In the prior federal lawsuit, the plaintiffs alleged violation of federal and state fair housing laws, and violations of plaintiffs' Fourteenth Amendment "substantive due process" rights and Fourteenth Amendment "equal protection" rights. The claims were based on the City of Glendale's alleged discriminatory obstruction of Pacific Community's efforts to obtain a conditional use permit, selective enforcement of certificate of occupancy requirements, and the City's adoption of ordinance GMO 03-2012. Opinion and Order 2-5; ECF No. 108, 6:13-cv-1272-MC. Because of the gravity of the factual allegations against the city regarding discriminatory intent, the court provided pro bono counsel for plaintiffs. Those factual allegations were not born out at trial.

On February 5, 2015, at a hearing on defendants' motion for summary judgment, the plaintiffs withdrew their due process claim. Subsequently, there was a five-day jury trial where judgment was entered in favor of all defendants on the remaining claims. Judgment on the jury verdict was entered on March 23, 2015. Plaintiffs appealed the jury verdict to the 9th Circuit Court of Appeals where the appeal is pending as of the time of this Opinion and Order.

### City of Glendale sues to foreclose in state court

After the conclusion of the federal trial, on April 9, 2015, the City of Glendale brought an action in Douglas County Circuit Court, State of Oregon, to foreclose on a lien. *City of Glendale v. Cow Creek Properties, LLC, et al.*, 15-CV-08731. City's MSJ 3-4; ECF No 19. In that action, plaintiff Michael Cassidy (who was not a party to that state action) filed 12 motions, to include a Motion to Intervene, all of which were denied by the Douglas County Circuit Court. City's MSJ, Ex. 7; ECF No. 19. Plaintiffs Cassidy, Schlauch, and "All Other Occupants" appealed to the Oregon Court of Appeals, citing in part a "six year lack of Procedural Due Process by the City and local courts. City's MSJ Ex. 8, ECF No. 19. The Court of Appeals ultimately denied their petition.

### Cow Creek Properties, LLC sues Pacific Community Resource Center

On February 2, 2017, Cow Creek Properties, LLC brought an action against Pacific Community to confirm an arbitration award and request that judgment be entered on their behalf in *Cow Creek Properties, LLC v. Pacific Community Resource Center, an Oregon Non-Profit Corporation*, 17-CV-04422. City's MSJ Ex. 9; ECF No. 19. Michael Cassidy's motion to intervene in that matter was denied by the Douglas County Circuit Court. City's MSJ Ex. 10; ECF No. 19. In response, Michael Cassidy and Anthony Schlauch raised again the issue of due process. City's MSJ Ex. 11, p. 1; ECF No. 19. After judgment was entered against Pacific Community Resource Center, Cassidy and Schlauch appealed the matter to the Oregon Court of Appeals, raising the issue that they were denied due process on the inability to obtain counsel due to poverty. City's MSJ Ex. 12, p. 10; ECF No. 19. The Oregon Court of Appeals has since dismissed the appeal.

### **STANDARD OF REVIEW**

## I. Motion for Summary Judgment, Rule 56(c)

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## II. Motion to Dismiss for Failure to State a Claim, Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id*. at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). When a plaintiff appears *pro se*, the court must construe the allegations liberally and afford the plaintiff the benefit of the doubt.

*See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. 544, 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### III. Special Motion to Strike pursuant to ORS 31.150

A special motion to strike under ORS 31.150 is treated "as a motion to dismiss under ORCP 21A and requires the Court to enter a 'judgment of dismissal without prejudice.'" *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009) (applying Oregon law); ORS 31.150(1). In making a determination on a motion to strike, "the Court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. ORS 31.150(4). "A defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." ORS 31.152(3).

## DISCUSSION

### I. *Rooker-Feldman* doctrine

Defendants Larry Caldwell and Allen King move for summary judgment on the basis of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The doctrine prohibits federal district courts from exercising subject matter jurisdiction over suits "brought by state-court losers complaining of injuries caused by state court judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Federal district courts "may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state

court decisions." *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 2005). As a result, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002).

The doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) (A district court cannot be called upon to review a state court decision.).

### A. Plaintiffs' Second Amended Complaint

Plaintiffs' Second Amended Complaint alleges a violation of due process rights and improper taking of property by several defendants. 2d Am. Compl. 7-8, ECF No. 10. The allegations against the City and City Officials' stem from the foreclosure and eviction actions in municipal and state courts where the City successfully sought relief from the courts. The allegations made specifically against various judges, courts, and the State of Oregon, challenge prior adverse court rulings against Plaintiffs by judges in state court proceedings.[1] 2d Amend. Compl. ¶s 8-10; ECF No. 10. Plaintiffs allege the Judges were "not following the law" and "ruling in absentia with no adjudication on the merits." *Id*.

The plaintiffs here are looking to use the federal district court to collaterally attack the rulings of the state courts. The Second Amended Complaint asks this Court to review and second-guess the state court decisions. Because the *Rooker-Feldman* doctrine precludes a federal

---

[1] *City of Glendale v. Cow Creek Properties, LLC, et al.*, Case No. 15-cv-08731, Douglas County Circuit Court.

9 – OPINION AND ORDER

district court from reviewing either the constitutionality or legal correctness of a state court decision, plaintiffs' claims are dismissed.

## II. State Judges and Courts are entitled to Eleventh Amendment and judicial immunity

In addition to raising the *Rooker-Feldman* doctrine, Defendant Judges move to dismiss the allegations arguing: (1) the Eleventh Amendment of the United State Constitution provides immunity for the Judges as state officials acting in their official capacity and for the courts; and (2) the Judges and courts are protected from suit by judicial immunity. Judges' Mot. 3; ECF No. 12.

### A. Eleventh Amendment sovereign immunity

The Eleventh Amendment to the United States Constitution which provides in part that: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States," precludes and bars suits brought against state, state agencies, and state instrumentalities by a state's own citizens. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court unless the state has expressly waived it or Congress has validly abrogated that immunity. *Seminole Tribe v. Florida*, 517 U.S. 44, 64-68 (1996). A state waives its sovereign immunity by expressly consenting to be sued in a particular action. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Here State of Oregon has not consented to this suit or waived its Eleventh Amendment immunity.

To the extent that the Second Amended Complaint alleges a § 1983 civil rights violation, Eleventh Amendment immunity operates to bar such suits against the state of Oregon, its agencies, and its officials acting in their official capacities. *Edelman*, *supra*, 415 U.S. 651

(enactment of § 1983 was not intended to overcome a state's Eleventh Amendment immunity); Center for Legal Studies, Inc. v. Lindley, 64 F.Supp2d 970, 978 (D. Or. 1999) ("state officials sued in their official capacities, arms of the state, and the state itself, are not persons within the meaning of § 1983 and therefore are not liable under § 1983."). Here Plaintiffs' allegations are against individual Judges for their actions taken in their official capacity as Judges. See, 2d Amend. Compl. ¶¶ 7-10, and pgs. 7 & 11; ECF No. 10. Because state employees acting in their official capacities are immune from suit, the allegations against Randolf Garrison, Kathleen Johnson, and Frances Burge are dismissed with prejudice.

Because the Courts themselves are agencies of the State of Oregon, they are immune as well from suit in federal court under the Eleventh Amendment. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Plaintiffs' claims against the Oregon state courts are dismissed.

### B. Judicial immunity

Judges are absolutely immune from lawsuits based upon judicial acts taken within the jurisdiction of their courts. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The "doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). While a judicial officer's errors may be corrected on appeal, a judge and their decisions should not be exposed to collateral litigation by unsatisfied litigants.

Whether a judge was performing acts protected by judicial immunity is determined by analyzing four factors: (1) the precise act is a normal judicial function; (2) the location where the

events at issue occurred; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999), *cert. denied* 528 U.S. 1005 (1999).

Here the actions complained of involve judicial rulings on motions. Such actions are within the normal scope of judicial activity and they arise directly out dispute with a judge acting in his or her official capacity. The rulings were on cases pending before the court and occurred in the course of the litigation of those cases. This is basic judicial decision-making. This is what we expect judges to do without fear of lawsuit.

Because all four factors are met, the Judges are entitled to absolute judicial immunity. Plaintiffs' claims against the defendant Judges and Courts are dismissed.

### III. Oregon's anti-SLAPP statue, ORS 31.150

Defendant Ryan Kirchoff has moved for an order dismissing Plaintiffs' claims against him for failure to state ultimate facts sufficient to constitute a claim pursuant to Fed. R. Civ. P. 12(b)(6) and ORS 31.150, *et seq*. Plaintiffs' allegations against Kirchoff identify him as the attorney who represented Gary Martin in the underlying cases in Douglas County Circuit Court. Kirchoff admits as much, submitting a declaration identifying himself as an attorney duly licensed in the State of Oregon and legal counsel for Gary Martin and Cow Creek Properties, LLC. Decl. Kirchoff; ECF No. 47. On behalf of his clients, Kirchoff filed actions in Douglas County Circuit Court, Case No.'s 16-LT-05482and 17-cv-04422. The first action was an Eviction Complaint (Commercial FED) against Pacific Community Resource Center. The second action was filed for a Confirmation of Arbitration Award and Request for Judgment against Pacific Community Resource Center.

The Oregon legislature enacted the anti-SLAPP statute, ORS 31.150 to ORS 31.155, to create a procedure "for expeditiously dismissing unfounded lawsuits attacking certain types of public speech" through special motions to strike, or anti-SLAPP motions." *Schwern v. Plunkett*, 845 F.3d 1241, 1243 (2017). In response, a defendant in federal court may file a special motion to strike under an applicable anti-SLAPP statute. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206 (9th Cir. 2005). Analysis of a special motion to strike is a two-step process. The defendant has the initial burden to show that the challenged statement is within one of the categories of civil action described in ORS 31.150(2). *Gardner*, *supra*, 563 F.3d at 986. If the defendant meets the initial burden, then the burden shifts to the plaintiff in the action to establish that there is probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. ORS 31.150(3). Plaintiffs here have not responded to Kirchoff's Motion nor have they met their burden to show that there is a probability that plaintiff will prevail on the claim.

The alleged actions complained of by plaintiffs arise out Kirchoff's representation as counsel for Gary Martin and Cow Creek Properties, LLC in judicial proceeding in Douglas County Circuit Court as contemplated in ORS 31.150(2). Because plaintiffs' claims against defendant Kirchoff fall within the ORS 31.150(2) [2] anti-SLAPP provision, those claims are

---

[2] ORS 31.150(2) states:
"A special motion to strike may be made under this section against any claim in a civil action that arises out of:
  (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
  (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

    * * *"

stricken and dismissed. Kirchoff is awarded his attorney fees and costs pursuant to ORS 31.152(3).

**IV. Plaintiffs' Motion for Summary Judgment**

Plaintiffs filed a motion for summary judgment which reads in its entirety:

> "As Mr. Howry stated in his MSJ, there are no real questions of fact. What he left out is that those facts entitle us to relief sought in this action."

Pl.s' MSJ 6; ECF No. 34.

Because plaintiffs' motion for summary judgment fails to demonstrate how specific facts entitle them to judgment as a matter of law, plaintiff's motion is denied.

## CONCLUSION

For the reasons above, this Court rules as follows:

Plaintiffs' Motion for Summary Judgment (ECF No. 34) is DENIED.

Defendants Douglas County Circuit Court Judges, Courts and State of Oregon's Motion to Dismiss (ECF No. 12) is GRANTED. Defendants Randolf Garrison, Kathleen Johnson, Frances Burge, Douglas County Oregon and State of Oregon are dismissed with prejudice.

Defendants Larry Caldwell and Allen King's Motion for Summary Judgment (ECF No. 19 & 20) is GRANTED. Defendants Larry Caldwell and Allen King are dismissed with prejudice.

Defendant Ryan Kirchoff's Motion to Dismiss (ECF No. 46) is GRANTED. Defendant Kirchoff is dismissed and awarded his attorney fees and costs pursuant to ORS 31.152(3).

There remain fourteen individual defendants who have not been served and who have yet to make an appearance in this case. They include the City of Glendale itself, as well as thirteen current or former city officials. The claims against them mirror those against Larry Caldwell and Allen King. The attorneys representing Caldwell and King also represent the defendants who

have yet to appear and the court can assume that the same motion for summary judgement would be argued on their behalf.

Because of the application of the *Rooker-Feldman* doctrine, Plaintiffs' claims against Larry Caldwell and Allen King, former officials with the City of Glendale, are to be dismissed. The *Rooker-Feldman* doctrine applies equally to the claims asserted against the 14 defendants who have not yet appeared. Because it would be a waste of not only judicial resources, but the time and the resources of the parties to have the remaining 14 defendants appear and file similar motions (along with response briefs and replies) all remaining claims are dismissed *sua sponte*. Although this dismissal of the remaining defendants is *sua sponte*, such dismissal is appropriate when a complaint is clearly inadequate and plaintiffs "cannot possibly win relief." *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1998)(quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). All remaining claims are DISMISSED.

Because the complaint does not state a claim for relief that can reasonably be corrected through amendment, providing plaintiffs leave to amend would be futile. The dismissal of all claims is with prejudice.

IT IS SO ORDERED.

DATED this 3rd day of August, 2017.

                                                 s/ Michael J. McShane
                                                     Michael J. McShane
                                                 United States District Judge